# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL ELLENBURG,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, MR. FRINK, et al.,<br><br>Defendants. | Cause No. CV 13-0041-GF-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Mr. Ellenburg alleges his Eighth Amendment rights were violated while he was incarcerated at Crossroads Correctional Center between the fall of 2007 and January 2009. He contends Defendants failed to protect him from an assault by other inmates and failed to provide him with appropriate medical and dental care. Mr. Ellenburg's claims are barred by the applicable statute of limitations and the Complaint should be dismissed. Mr. Ellenburg also moved for an extension to respond to discovery. Given the recommendation to dismiss, Defendants' motion is moot.

## JURISDICTION

1

This matter was properly removed from state court on May 20, 2013. CD 1. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Ellenburg is a prisoner seeking redress from Defendants whose conduct can be fairly attributable to the state.[1] His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

---

[1]The Corrections Corporation of America Defendants' actions are fairly attributable to the state because they were caused by the exercise of the state's exclusive power to incarcerate prisoners. Rendell–Baker v. Kohn, 457 U.S. 830, 842 (1982)(imprisonment is "traditionally the exclusive prerogative" of government); West v. Atkins, 487 U.S. 42, 49–51 (1988)(a private prison's power to engage in this public function is "possessed by virtue of state law and made possible only because [it] is clothed with the authority of state law").

## A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Leave to amend

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so

3

requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

**C. Statute of Limitations**

The United States Supreme Court in Wilson v. Garcia, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

**FACTUAL ALLEGATIONS**

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Ellenburg's twenty page complaint consists primarily of case citations and unsupported legal conclusions which are all disregarded. Liberally construing the factual allegations of the Complaint, Mr. Ellenburg complains that Defendants

4

failed to protect him from an assault by other inmates in November 2008. He also makes vague allegations regarding being denied medical care and dental care. All claims arise out of incidents which occurred while Mr. Ellenburg was incarcerated at Crossroads Correctional Center between the fall of 2007 and January 2009.

## ANALYSIS

Mr. Ellenburg's Complaint is dated February 15, 2013, therefore all claims accruing prior to February 15, 2010 are barred by the applicable statute of limitations. As Mr. Ellenburg was transferred from Crossroads Correctional Center in January 2009, all of his claims accrued prior to that date and are now barred by the statute of limitations.

## CONCLUSION

Mr. Ellenburg's claims are barred by the applicable statute of limitations. This is not a defect which could be cured by further amendments and the case should be dismissed.

It is **ORDERED:**

1. In light of the recommendation that this matter be dismissed, Defendants' Motion for Extension of Time to Complete Discovery (CD 5) is denied as moot.

2. At all times during the pendency of this action, Mr. Ellenburg shall immediately advise the Court of any change of address and its effective date.

Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Ellenburg may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Ellenburg files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings

and Recommendations may preclude Mr. Ellenburg from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of June, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge