

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL ELLENBURG, | CV 13–41–GF–DWM–RKS |
| Plaintiffs, | |
| vs. | ORDER |
| CORRECTIONS CORPORATION OF AMERICA, MR. FINK, et al., | |
| Defendants. | |

Michael Ellenburg alleges that his eighth amendment rights were violated while he was incarcerated at Crossroads Correctional Center between the fall of 2007 and January 2009. Specifically, he claims that the defendants failed to protect him from an assault by other inmates and failed to provide him with appropriate medical and dental care. Magistrate Judge Strong recommends dismissing Ellenburg's claims because the statute of limitations has passed. The Court agrees that Ellenburg's claims should be dismissed, but for a different reason.

After Judge Strong filed his Findings and Recommendation, the Court ordered the defendants to file a response to Ellenburg's objections. (Doc. 13.) In particular, the Court ordered the defendants to answer two questions:

1

1.  Does Montana's doctrine of equitable tolling or equitable estoppel apply to the this case? *See Lozeau v. Geico Indem. Co.*, 207 P.3d 316 (Mont. 2009); *Let the People Vote v. Bd. of Co. Commissioners of Flathead Co.*, 120 P.3d 385 (Mont. 2005)?

2.  Is this case barred by the doctrine of res judicata? *See Ellenburg v. Law*, CV 9–13–GF–SEH–RKS (D. Mont.)?

The defendants filed their response on July 26, 2013. (Doc. 15.) The Court need only address one of these questions—the second—because it disposes this case.

There are two components of res judicata: claim preclusion and issue preclusion (or collateral estoppel).[1] Both are at issue here, but the Court need only address the latter.

Issue preclusion "'can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71 (1984)). Under this doctrine, a party is precluded from relitigating issues of fact or law if four requirements are met:

1.  there was a full and fair opportunity to litigate the issue in the

---

[1] Frequently, courts have used the term "res judicata" to refer only to "claim preclusion" and have used "collateral estoppel" to refer to "issue preclusion." *See United States v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008). The United States Supreme Court, however, clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 891–93 (2008); *see also Bhatia*, 545 F.3d at 759 n.2.

2

previous action;

2.    the issue was actually litigated;

3.    there was final judgment on the merits; and

4.    the person against whom [issue preclusion] is asserted was a party
       to or in privity with a party in the previous action.

*Id.* (citations omitted); *see also Wash. Mut. Inc. v. United States*, 636 F.3d 1207,

1216 (9th Cir. 2011).

If these four elements are met, the factual or legal issue is precluded, even if

it is presented under the guise of a new legal theory or on the basis of new

evidence. *Adam Bros. Farming, Inc. v. Co. of Santa Barbara*, 604 F.3d 1142, 1149

(9th Cir. 2010). "If a party could avoid issue preclusion by finding some argument

it failed to raise in the previous litigation, the bar on successive litigation would be

seriously undermined." *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011).

Here, Ellenburg's lawsuit is virtually identical to one that was previously

filed in 2009 in this Court and dismissed. *See Ellenburg v. Law*, CV

9–13–GF–SEH–RKS (D. Mont.). Each element of the issue preclusion doctrine is

met:

1.    The claims in the 2009 lawsuit are identical to the claims here.
       In both, Ellenburg makes general allegations that the
       defendants failed to protect him from assault and failed to
       provide him necessary medical and dental care. (*See* 2009, doc.

3

2.)

2.      Ellenburg's claims were actually litigated in the 2009 case.
        (*See* 2009, docs. 17, 32.)

3.      The Court issued a final judgment on the merits. (*See id.*; 2009,
        doc. 33.)

4.      The person against whom issue preclusion is asserted—i.e.,
        Ellenburg—is a party to this lawsuit.

Since all of the elements of the issue preclusion doctrine have been met, it

bars Ellenburg from pursuing his claims in this lawsuit.

Finally, Ellenburg's two outstanding motions are denied. Ellenburg moves

for appointment of counsel (doc. 8), but this case is not "so complex that due

process violations will occur absent the presence of counsel," *Bonin v. Vasquez*,

999 F.2d 425, 428–29 (9th Cir. 1993), and no evidentiary hearing is necessary,

Rule 8(c), Rules Governing § 2254 Cases. That motion is therefore denied.

Ellenburg's motion to remand (doc. 14) is also denied since it was filed well after

the 30-day deadline for filing a motion to remand. *See* 28 U.S.C. § 1447(c).

IT IS ORDERED that this case is DISMISSED WITH PREJUDICE. The

Clerk of Court is directed to close this case and enter judgment in favor of the

defendants.

IT IS FURTHER ORDERED that Ellenburg's motion to appoint counsel

(doc. 8) and motion to remand (doc. 14) are DENIED.

Dated this __5__ day of August 2013.

Donald W. Molloy, District Judge
United States District Court

5